09-1912-cr
United States v. Meszaros

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand ten.

PRESENT: DENNIS JACOBS,
       <u>Chief Judge</u>,
   AMALYA L. KEARSE,
   PIERRE N. LEVAL,
       <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
  <u>Appellee</u>,

  -v.-              09-1912-cr

STEVEN MESZAROS,
  <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**     Arza Feldman, Feldman and Feldman, Uniondale, NY.

**FOR APPELLEE:**     Allen L. Bode, Jo Ann M. Navickas, Assistant United States Attorneys, on behalf of Benton J. Campbell, United

States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED** in all respects except that, as to the sentence imposed with respect to Count Two, we **VACATE** and **REMAND**.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  Fed. R. Crim. P. 8(a).  "Similar charges include those that are somewhat alike, or those having a general likeness to each other."  United States v. Rivera, 546 F.3d 245, 253 (2d Cir. 2008) (internal quotation marks omitted).  "We review the propriety of joinder de novo as a question of law."  United States v. Tubol, 191 F.3d 88, 94 (2d Cir. 1999).

While Meszaros identifies some differences between the charges, the basic facts of all the wire fraud counts are overwhelmingly similar:  While working at a day trading firm, Meszaros induced investments by promising that he or his firm could generate a high rate of return; he lost this money through a combination of bad investments and conversion to his personal use; he showed the investors false documentation of positive returns; and these representations of positive returns dissuaded investors from withdrawing their money, and induced further investments that he likewise went on to lose or consume.  Cf. Rivera, 546 F.3d at 253-54.

"If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a).  "The denial of a motion to sever under Rule 14 is reviewed for abuse of discretion

2

and will not be overturned unless the defendant demonstrates that the failure to sever caused him substantial prejudice in the form of a miscarriage of justice." United States v. Sampson, 385 F.3d 183, 190 (2d Cir. 2004), cert. denied, 544 U.S. 924 (2005) (internal quotation marks omitted). Meszaros makes no convincing argument as to prejudice that he suffered from joinder.

Meszaros notes that the district court erred by sentencing him to 108 months' imprisonment on Count Two (to run concurrently with terms of 108 months' imprisonment on Counts Three through Five). The government concedes that this sentence was in error, as it exceeded the statutory maximum sentence in place in April 2001 when the crime charged in Count Two was committed. See 18 U.S.C. § 1343 (2000). "[L]imited resentencing [is] the default rule where there was a *sentencing* error." United States v. Rigas, 583 F.3d 108, 115 (2d Cir. 2009) (emphasis in original). When, as here, the vacated sentence runs concurrent to several that are affirmed, there is no reason to deviate from that default rule.

Finding no merit in Meszaros's remaining arguments, we hereby **AFFIRM** the judgment of the district court except for the sentence on Count Two. We **VACATE** and **REMAND** for limited re-sentencing of Count Two.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
